UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN THE MATTER OF JONATHAN CHAD BROWN,

Movant.

Civil Action No.
No. 3:21-mc-47 (CSH)

OCTOBER 17, 2022

## RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION TO OPEN JUDGMENT
[Doc. 17 & 19]

**HAIGHT, Senior District Judge:**

### I. BACKGROUND

On July 12, 2022, this Court dismissed Plaintiff's action with prejudice, holding that his "entire 'miscellaneous' action [was] based on an unintelligible motion with no potentially viable claim." Doc. 11, at 5. Moreover, because there were "no facts that Plaintiff could allege to cure his pleading, I decline[d] to grant leave to amend." *Id.* at 6 (collecting cases).

In response to the Court's dismissal, Plaintiff filed three new motions, two seeking "writ[s] of mandamus" and one to proceed in this dismissed case *in forma pauperis*.[1] Doc. 13-15. In an Order, dated August 25, 2022, the Court denied Plaintiff's request to issue writs of mandamus, explaining that this case had been resolved in its entirety because it was "frivolous" in that it failed

---

[1] Plaintiff also filed an "Affidavit," which asserted that Plaintiff is entitled to his name and freedom, neither of which appears to be in dispute. *See, e.g.*, Doc. 12, at ¶ 6 ("I am the owner and operator of my spirit on Earth from the moment my zygote first formed"), ¶ 7 ("I declare my political status as one of we the people, free man born on the land [of the] United States of America").

1

to state any claim upon which relief could be granted. Doc. 16, at 1-2. Moreover, Plaintiff's post-judgment filings provided no grounds to reopen the case pursuant to Federal Rule of Civil Procedure 60(b). *Id.* at 2-3. Instead, these documents were "as indecipherable as his original pleading in the case." *Id.* at 3. In addition, Plaintiff's renewed motion to proceed *in forma pauperis* was moot in light of the fact that he had previously paid the $49 miscellaneous case filing fee in full. *Id.* at 4-5.

Despite final resolution of his case and an admonition that "*no further* filings should be made in this matter without the Court's prior review and express permission," *id.* at 5, Plaintiff has once again attempted to renew this action, this time filing two motions: a "Motion for Reconsideration" [Doc. 17] and a "Motion to Open Judgment" [Doc. 19]. The Court resolves both of these motions herein.

## II. DISCUSSION

### A. Motion for Reconsideration

#### *1. Procedural Defects*

At the outset, the Court notes that Plaintiff's motion for reconsideration [Doc. 17] is procedurally defective, warranting denial on two grounds. First, it was filed on August 29, 2022, and addresses the Court's Order dismissing his case on July 12, 2022. Doc. 11, 17. With respect to timeliness, pursuant to Local Civil Rule 7(c), a motion for reconsideration "shall be filed and served within seven (7) days of the filing of the decision or order from which such relief is sought." D. Conn. L. Civ. R. 7(c). Plaintiff's motion was filed forty-eight (48) days after the relevant Order was filed – well outside the seven (7)-day filing period for reconsideration.

Second, Plaintiff's submission fails to include an accompanying memorandum providing "the controlling decisions or data the movant believes the Court overlooked." D. Conn. L. Civ. R. 7(c).

Rather, he has submitted only one document, which includes ten pages basically reiterating his original "claim." Although he has inserted the heading "Memorandum in Support of Motion for Reconsideration" at page 4, he neither specifies facts previously presented that the Court overlooked, nor cites any "controlling decisions" of law that the Court failed to consider, D. Conn. L. Civ. R. 7(c). Instead he once again asks to proceed with "waiver for all filing fees," and purports to quote from the "Constitution of Connecticut (1818) Article First Declaration of Rights" and lists the names of cases he believes discuss the rights of *pro se* litigants. Doc. 17, at 5-6.

Because it is both untimely and lacks the requisite accompanying memorandum, Plaintiff's motion may be denied on procedural grounds. However, extending Plaintiff leniency as a *pro se* litigant – construing the contents of his motion to address the Court's most recent Order [Doc. 16], filed on August 25, 2022, and to contain some version of a "memorandum" – the Court will examine the substance of Plaintiff's motion for reconsideration.

### *2. Substance*

Even disregarding any procedural defects, Plaintiff's motion for reconsideration fails to meet the requisite substantive standard for such a motion. The Second Circuit has articulated that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citing *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y.1990)). In accordance with this standard, this District's Local Civil Rule 7(c) dictates that a motion for reconsideration "shall satisfy the strict standard applicable to such motions" and "will generally be denied unless the movant can point to controlling

decisions or data that the court overlooked in the initial decision or order." D. Conn. L. Civ. R. 7(c)(1).

"Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion." *Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018) (citation omitted). Therefore, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader,* 70 F.3d at 257 (2d Cir.1995). *See also Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'....")(citation omitted).

In support of his "Motion for Reconsideration," Plaintiff has filed an "Affidavit of Political Status," which addresses Plaintiff's citizenship. Doc. 18. In the document, he states that he is "a free man upon the free soil of the United States." *Id.* at ¶ 7 (parentheses omitted). He also confirms, as he has previously stated:

> I am the owner and operator of my spirit on Earth from the moment my zygote first formed, together with all DNA and all substance matter in any way associated with me and my incarnation . . . .

*Id.* at ¶ 22. He further recites the text of six constitutional Amendments contained in the Bill of Rights, *id.* ¶ 23, and asks the Court to correct his political status "from Citizen, Sovereign Citizen, National, Enemy of the State, and/or taxpayer to the people for the record," *id.* at ¶ 25.

Elaborating on his personal political beliefs, Plaintiff states that "[t]he theory of the American political system is that the ultimate sovereignty is in the people from whom all legitimate authority springs," *id.* at ¶ 13 n.3; and "[h]ere (in America) sovereignty rests with the people . . . [so] under

the democratic form of government now prevailing the people [are] King," *id.* at ¶ 15 n. 4 (citations omitted).  Moreover, he declares that he is a "Natural man Security Party," as opposed to a "Public Vessel, Corporation, Trustee, U.S. Citizen, State Citizen, Sovereign Citizen, [or] National Taxpayer." *Id*.¶ 18.   Upon review of these statements, the Court finds no allegations that state a claim upon which relief may be granted and particularly no grounds to issue a writ of mandamus, an order to a lower court or governmental officer or body to correct a prior action or failure to act.  *See* Doc. 16, at 2 (citing Black's Law Dictionary (11th ed. 2019)).

Just like those who consider themselves "sovereign citizens," it appears that Plaintiff may believe that he is not subject to governmental authority.  *See, e.g.*, *United States v. Ulloa*, 511 F. App'x. 105, 107 n. 1  (2d Cir. 2013) ("[S]overeign citizens" are "a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior."); *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011) ("So-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings.").

In the case at bar, the parameters and proper label for Plaintiff's professed citizenship are murky.  However, the Court has no reason to believe that there is any pending challenge with respect to Plaintiff's citizenship or political status – *e.g.*, no challenge to his First Amendment right to political affiliation or political conduct.  There are no grounds for reconsideration – no matters presented which "might reasonably be expected to alter the conclusion reached by the court." *Shrader,* 70 F.3d at  257.

As the Court stated in its prior Orders [Doc. 11, 16]:

> Plaintiff's "Motion to Move Court Enforcement and Correct Political Status to the People" [Doc. 4] is DENIED as "frivolous." A liberal reading of Plaintiff's "Motion" fails to provide "any indication that a valid claim might be stated" so that "amendment would be futile.*" Harisprasad* [*v. New York*], 722 F. App'x [102,] 103 [(2d Cir 2018)] (quoting *Cuoco* [*v. Moritsugu,*] 222 F.3d [99,] 112 [2d Cir. 2000)]). Because the "Motion" forms the basis for Plaintiff's entire "miscellaneous" action, the action is DISMISSED with prejudice.

Doc. 11, at 6; Doc. 16, at 2. Because Plaintiff's claim remains unintelligible, reconsideration will be denied.

**B. Motion to Open Judgment**

Similarly, with respect to Plaintiff's "Motion to Open Judgment" [Doc. 19], there are no bases to reopen the case pursuant to Federal Rule 60(b) of Civil Procedure. As the Court previously explained, a "court may relieve a party . . . from a final judgment, order, or proceeding" for one of six delineated reasons – none of which is present in this case.[2] Fed. R. Civ. P. 60(b)(1)-(6).

---

[2] Pursuant to Rule 60(b), a "court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b)(1)-(6).

Despite Plaintiff's additional filings, his "writs of mandamus" remain indecipherable. In his "Motion to Open Judgment," he proclaims himself "one of [the] Indigenous people," but "not a citizen or national of the United States or any state mentioned in [the] 1789 . . . Constitution." Doc. 19, at ¶¶ 2-3. Such statements provide no grounds upon which relief may be granted. Clearly, Plaintiff holds a sincere belief that he needs some assistance from the Court to declare his political beliefs. However, he is advised that he may proclaim his citizenship (or lack thereof), political status, and/or personal beliefs about freedom as he sees fit and without the aid of this Court. It is his First Amendment right to speak his mind on such personal matters and requires no judicial intervention. He appears to labor under the misapprehension that he may mandate legal endorsement of his beliefs and actions *by this Court*. Such a position is wholly unsupportable and "frivolous" under the law. *See, e.g., Osorio v. Connecticut*, No. 3:17-CV-1210 (CSH), 2018 WL 1440178, at *4, 6-7 (D. Conn. Mar. 22, 2018) (In habeas action where Plaintiff argued that the federal courts had "no jurisdiction over living men" and presented an Affidavit stating that he was "'of the people' and . . . above the corporate government called Connecticut/UNITED STATES OF AMERICA," the court held that "[b]ecause Plaintiff's claims [were] all premised on this 'sovereign citizen' and/or 'redemptionist' theory, they fail[ed] to state a plausible claim upon which relief may be granted."). Accordingly, any additional filings in this case would be futile. His motion to reopen the case will be denied.

### III. CONCLUSION

For the foregoing reasons, and those stated in the Court's two prior orders, Doc. 11 and 16, Plaintiff's "Motion for Reconsideration" [Doc. 17] and "Motion to Open Judgment" [Doc. 19] are both DENIED. The Court advises for the second and final time:

> [*N*]*o further filings* should be made in this matter without the Court's prior review and express permission. The Clerk is thus instructed to refrain from docketing any additional documents in this closed matter without first obtaining the Court's instruction.

Doc. 16, at 5 (emphasis in original). Plaintiff seeks no relief that this Court may grant – states no plausible claim upon which relief may be granted. Although he may no longer pursue this legal action, Plaintiff remains free to state his own political beliefs, proclaim or renounce his citizenship, and/or pursue his desired political affiliations. In reminding Plaintiff of his First Amendment rights, the Court voices no legal position as to contents of any such speech or actions. The case remains DISMISSED WITH PREJUDICE.

    It is SO ORDERED.

    Dated: New Haven, Connecticut
         October 17, 2022

                                        */s/Charles S. Haight, Jr.*
                                        CHARLES S. HAIGHT, JR.
                                        Senior United States District Judge